{¶ 28} I concur in the judgment of the majority to affirm the trial court's decision. I write separately, however, because my decision to affirm is based upon the standard of review which constrains us on appeal. I do not agree with the majority's analysis of this case in light of our previous decision in Statev. Pertee (Nov. 22, 1995), 9th Dist. No. 95CA0033. Crim.R. 29 is a means by which a defendant in a criminal case moves the court for a judgment of acquittal at the close of either the state's evidence or at the close of the trial. It is not a vehicle by which the defense informs the State of fatal deficiencies in its case, so that it can have a second bite at the apple. The majority presumes that the State "inadvertently omitted" the presentation of certain evidence that it "had in its possession, prior to the presentation of any witness testimony". It further posits that the State's failure was a result of "mere oversight".
 {¶ 29} I find no evidence in the record to support the suppositions engaged in by the majority. Further, this Court should not presume intentions and/or motivations of parties as a basis for affirming or reversing the lower court's decision regarding the admission of evidence at trial when no evidence exists in the record to support those presumptions. That notwithstanding, it is clear that the trial court was vested with discretion in determining whether to permit the State to reopen its case. While I may or may not agree with the trial court's decision, I do not find it in this case to constitute an abuse of discretion. Accordingly, I concur in the judgment of the majority.